Filed 10/16/23  P. v. Haley CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096639 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE009177) |
| v. | |
| LORINZO HALEY, | |
| Defendant and Appellant. | |

A jury convicted defendant Lorinzo Haley of robbery and assault by means of force likely to produce great bodily injury and found true that defendant acted in concert and a principal was armed with a firearm in the commission of the offense.  In bifurcated proceedings, the trial court found true two prior serious felony conviction enhancements.  The court imposed an aggregate term of 29 years, which included one year for the firearm enhancement and 10 years for the two prior serious felony conviction enhancements.  On appeal, defendant argues that:  (1) the trial court was required to dismiss the firearm and both prior conviction enhancements under Penal Code section 1385, subdivision

1

(c)(2)(B);[1] (2) the trial court abused its discretion by not properly weighing a mitigating circumstance under section 1385, subdivision (c)(2)(H); and (3) trial counsel provided ineffective assistance by not presenting further evidence of childhood trauma under section 1385, subdivision (c)(2)(E). We disagree and will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On an evening in May 2018, defendant and two other men broke into G.S.'s home. The men demanded money from G.S. and took the watch he was wearing off his wrist. One of the men pointed a firearm at G.S. and repeatedly hit him with it. Whenever G.S. tried to get up, defendant struck him in the face and knocked him back down. Law enforcement responded to G.S's home and located defendant squatting behind trash cans in a carport near G.S.'s residence. When the police contacted him, defendant had G.S.'s two gold chains, gold ring, and watch.

The jury found defendant guilty of robbery (§ 211) and assault (§ 245, subd. (a)(4)) and found true that defendant acted in concert (§ 213, subd. (a)(1)(A)) and a principal was armed with a firearm in the commission of the offense (§ 12022, subd. (a)(1)). Defendant waived a jury trial on the bifurcated proceedings on the prior strike convictions and aggravating circumstances. The alleged prior strike convictions were a robbery (§ 211) in 1997 and an attempted robbery (§§ 664/211) in 2000. Defendant also filed a *Romero*[2] motion, asking the court to strike one of the prior strike convictions under section 1385, subdivision (a).

At sentencing, the trial court found true beyond a reasonable doubt that defendant suffered both prior strike convictions. The trial court also found true beyond a reasonable doubt the following aggravating circumstances: the crime involved great violence, great

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

bodily harm, threat of great bodily harm, and other acts disclosing utter cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1));[3] the crime was carried out in a manner that indicates planning, sophistication, or professionalism (rule 4.421(a)(8)); defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)); and defendant served a prior prison or county jail term (rule 4.421(b)(3)). Defense counsel asked the trial court to dismiss the two prior serious felony conviction enhancements and impose only the one-year firearm enhancement. The trial court struck the attempted robbery prior strike conviction under section 1385, subdivision (a), but declined to exercise its discretion to dismiss the two prior serious felony conviction enhancements.

In declining to dismiss the two prior serious felony conviction enhancements, the trial court specifically recognized its discretion to dismiss the enhancements under section 1385, subdivision (c), but stated it would not be in the interests of justice to do so. The trial court stated that "[t]his was a preplanned, despicable crime. It involved great violence and threat of violence." The trial court further stated that "[n]othing should minimize the significance of this crime, and [defendant's] prior offenses were equally significant, although they were quite old."

## DISCUSSION

### I

### *Section 1385*[4]

Defendant contends that: (1) the trial court erred in imposing the one-year firearm enhancement and the two prior serious felony conviction enhancements, because section

---

[3] Undesignated rules references are to the California Rules of Court.

[4] To the extent the People argue defendant's claims under section 1385, subdivision (c)(2)(B) and (c)(2)(H) are forfeited on appeal, we exercise our discretion to reach the

1385 prohibits the imposition of any additional enhancements when the trial court already doubled the sentence on the robbery charge (§ 1385, subd. (c)(2)(B)); and (2) the trial court abused its discretion by not properly weighing the mitigating circumstance that defendant's prior convictions were over five years old (§ 1385, subd. (c)(2)(H)). We disagree.

### A. Legal Background

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385[5] "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) As amended, section 1385, subdivision (c) now provides in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." Among the enumerated circumstances

merits to avoid a potential claim of ineffective assistance of counsel based on these claims. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing merits of claim to avoid potential claim of ineffective assistance of counsel]; *People v. Williams* (1998) 17 Cal.4th 148, 162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"].)

[5] We note that a subsequent enactment, Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 15), which took effect on June 30, 2022, made technical, nonsubstantive changes to section 1385 that do not affect the issues on appeal.

in section 1385, subdivision (c) are: (1) there are multiple enhancements alleged in a single case (§ 1385, subd. (c)(2)(B)); and (2) the prior conviction underlying the enhancement is over five years old (§ 1385, subd. (c)(2)(H)).

### B. Analysis

#### 1. Multiple Enhancements

Defendant first argues that the plain language of amended section 1385, subdivision (c)(2)(B) mandates dismissal of the one-year firearm enhancement and both prior serious felony conviction enhancements, because the trial court already imposed an enhancement, namely doubling the term on the robbery charge under the Three Strikes law. He cites the portion of subdivision (c)(2)(B) that provides "*all enhancements* beyond a single enhancement *shall* be dismissed" to support his argument. (§ 1385, subd. (c)(2)(B), italics added.) Central to defendant's argument is his contention that doubling the term for the robbery charge due to the prior strike constitutes an enhancement within the meaning of section 1385. However, it is well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. (*People v Superior Court* (*Romero*)*, supra*, 13 Cal.4th at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.) In *People v. Burke* (2023) 89 Cal.App.5th 237 we concluded that, because the plain language of subdivision (c) of section 1385 only applies to an "enhancement," its provisions do not apply to the Three Strikes law. (*Burke*, at p. 244.) We agree with that conclusion. Thus, section 1385, subdivision (c)(2)(B) did not require the trial court to dismiss all enhancements after doubling the term for the robbery charge.

Further, we disagree with defendant's reading of the statute that section 1385 prohibits the trial court from imposing more than one sentencing enhancement. Subdivision (c)(1) and (2) of section 1385 expressly refer to the sentencing court's discretion in determining whether to dismiss an enhancement. Subdivision (c)(1) of section 1385 provides that a sentencing court must dismiss an enhancement "if it is in the

5

furtherance of justice to do so."  This provision accords the trial court general discretion to determine whether dismissal of an enhancement is "in the furtherance of justice." Subdivision (c)(2) of section 1385 directs the trial court in "exercising its discretion" to "consider and afford great weight to evidence" the defendant offers showing that "any of the mitigating circumstances in subparagraphs (A) to (I) are present," adding that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  Read together, these phrases direct the trial court to give great weight to evidence of the presence of the enumerated circumstances and that such proof weighs greatly in favor of dismissing the enhancement.  However, if the court finds dismissing the enhancement would endanger public safety, proof of a mitigating circumstance does not weigh greatly in favor of dismissal.  We cannot reconcile the language of subdivision (c)(1) and (2) of section 1385 with defendant's assertion that a court has no discretion when it comes to subdivision (c)(2)(B).  Subdivision (c)(1) and (2) guide the exercise of discretion but do not eliminate it with respect to any of the "mitigating circumstances in subparagraphs (A) to (I)."  (§ 1385, subd. (c)(2).)

We thus conclude that section 1385, subdivision (c)(2)(B), did not require the trial court to dismiss the one-year firearm enhancement and the two prior serious felony conviction enhancements after doubling the term on the robbery charge under the Three Strikes law.

2. *Prior Convictions over Five Years Old*

Defendant next contends that the trial court abused its discretion, because the age of his prior convictions weighed greatly in favor of dismissing the two prior serious felony conviction enhancements.  Specifically, defendant argues that the trial court should have dismissed the two prior serious felony conviction enhancements, because his prior convictions in 1997 and 2000 were far older than five years old.  (§ 1385, subd. (c)(2)(H).)  We disagree.

6

We review a trial court's decision not to dismiss an enhancement for an abuse of discretion, and "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) Under section 1385, subdivision (c)(2), if a court "finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296.) Because the trial court impliedly found that dismissal of the enhancements would endanger public safety, we conclude that the court did not abuse its discretion in not dismissing the enhancements.

The record reflects that the trial court found defendant's current conviction and previous convictions, even though they were older than five years, to be so egregious that defendant endangered public safety. The trial court's statement that "[t]his was a preplanned, despicable crime" that "involved great violence and threat of violence" reflects that the trial court was concerned defendant posed a danger to others. The trial court's statements that "[n]othing should minimize the significance of this crime" and that "his prior offenses were equally significant, although they were quite old" reflect that the trial court was concerned with defendant's repeat of robbery or attempted robbery violations. We interpret the trial court's statements as an implied finding that dismissal of the enhancement would endanger public safety. Further, among the aggravating factors found true were that: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing utter cruelty, viciousness, or callousness (rule 4.421(a)(1)); (2) the crime was carried out in a manner that indicates planning, sophistication, or professionalism (rule 4.421(a)(8)); and (3) defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)). Based on the severity of defendant's current conviction and defendant's significant history of

7

repeated violations of the same code section, we cannot conclude that the trial court's finding that a dismissal of the enhancement would endanger public safety is so irrational or arbitrary that no reasonable person could agree with it. Accordingly, we conclude that the trial court did not abuse its discretion in not striking the serious prior felony conviction enhancements.

## II

*Ineffective Assistance of Counsel*

Defendant contends that his trial counsel provided ineffective assistance by failing to submit further evidence of defendant's childhood trauma as a mitigating circumstance under section 1385, subdivision (c)(2)(E). Specifically, defendant argues that there is a reasonable probability the outcome at sentencing would have been more favorable to him had trial counsel provided such evidence. We disagree.

### A. Additional Legal and Factual Background

Childhood trauma that is connected to the current offense is another enumerated circumstance the court must consider and weigh in deciding whether to exercise its discretion to dismiss an enhancement, provided that the defendant submits proof of it and the court does not find dismissal would endanger public safety. (§ 1385, subd. (c)(2) & (c)(2)(E).) Before the trial court imposed its sentence, the trial court stated "[t]here has just been some reference to childhood trauma by the defendant, but I haven't seen any evidence to suggest this crime was committed . . . because of any kind of childhood trauma." The only reference to childhood trauma in the record is the probation report, which noted that defendant "stated he suffered trauma but does not want to talk about it."

### B. Analysis

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and

(2) the deficient performance prejudiced the defendant. (*Id.* at pp. 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, a "defendant must also show ' "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' [Citation.]" (*People v. Torres* (1995) 33 Cal.App.4th 37, 49.) It is not enough to establish prejudice for a defendant to propose that counsel's performance had some "conceivable effect" on the outcome; rather, the defendant must show a reasonable probability of a different result but for counsel's errors. (*Strickland*, at p. 693; see *id.* at pp. 693-694.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933; *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.)

Here, we need not analyze trial counsel's performance, because defendant has not demonstrated prejudice. Defendant does not identify the childhood trauma or discuss its connection to the current offense. Defendant's assertion that it is reasonably likely the outcome would have been more favorable to him had trial counsel presented further evidence of his childhood trauma is speculative, with no analysis, and does not demonstrate prejudice. Defendant makes no argument on appeal that he experienced trauma or what the alleged trauma is, that there was evidence of trauma the trial court failed to consider, or that the alleged trauma is connected to the current offense. We thus cannot conclude that it is reasonably probable the trial court would not have imposed the enhancements had trial counsel provided evidence of the childhood trauma. Accordingly, defendant has failed to establish prejudice and has thus failed to meet his burden for ineffective assistance of counsel.

9

## DISPOSITION

The judgment is affirmed.

/s/
_____
EARL, P. J.

We concur:

/s/
_____
HULL, J.

/s/
_____
MESIWALA, J.